UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRYAN W. CLARK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: 07-cv-06809 |
| 400 N. ORLEANS, LLC; DEUTSCH, LEVY & ENGEL, CHARTERED; and LEO G. AUBEL | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS DEUTSCH, LEVY & ENGEL, CHARTERED AND LEO G. AUBEL'S MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS**

Defendants Deutsch, Levy & Engel, Chartered and Leo G. Aubel, by and through their attorneys, for their Memorandum of Law in Support of The Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

**I.   INTRODUCTION**

Plaintiffs bring Count III of the Complaint against Deutsch, Levy & Engel and Leo G. Aubel alleging legal malpractice as a result of their representation of Mr. Clark in his purchase of a condominium unit from 400 N. Orleans, LLC. Mr. Clark's action for legal malpractice is admittedly premature and should be dismissed.

The Complaint concedes that the legal malpractice count against Deutsch, Levy & Engel and Mr. Aubel "is predicated on the *possible determination* that Clark is not entitled to reformation of the Agreement, that Orleans did not breach the Agreement, that the Agreement is enforceable, and that Clark is liable to Orleans for breach of the Agreement." *See* Complaint at ¶56. Despite Plaintiff's self-serving purported allegations in Paragraph 57 of the Complaint that this Court should not find Count III premature, Illinois law is clear that no legal malpractice

960803 v 1

action can stand where the plaintiff has not yet suffered any damages and where it is unclear that the plaintiff ever will suffer damages. Therefore, Defendants Deutsch, Levy & Engel and Leo Aubel respectfully request that this Court dismiss Count III of the Complaint pursuant to Rule 12(b)(6).

## II. MOTION TO DISMISS STANDARD

When reviewing a complaint in the context of a dismissal motion filed under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all well-pled factual allegations and resolves in the plaintiff's favor all reasonable inferences. *Echevarria v. Chicago Title & Trust Co.*, 256 F.3d 623, 625 (7th Cir.2001), citing *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir.2001). Dismissal for failure to state a claim is proper only if the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Alper v. Altheimer & Gray*, 257 F.3d 680, 684 (7th Cir.2001), citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), and *Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850, 854 (7th Cir.1999). *Accord Galdikas v. Fagan*, 342 F.3d 684, 688 (7th Cir.2003) ("Dismissal is proper if it appears beyond doubt that the plaintiffs cannot prove any set of facts entitling them to relief."). If it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate. *Alper* at 684, quoting *Veazey*, 194 F.3d at 854.

## III. FACTUAL BACKGROUND

Pursuant to the motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6), for purposes of this motion alone Defendants must accept as true all well pleaded factual allegations of the Complaint. Deutsch, Levy & Engel and Leo Aubel deny any wrongdoing or negligence with respect to the allegations of the Complaint, but for the purpose of this motion alone will accept the facts as plead as true.

960803 v 1

Plaintiff asserts he signed a contract to purchase Unit D in the Building from 400 N. Orleans and signed a Condominium Purchase Agreement. Compl. at ¶14. Pursuant to the terms of the Agreement, Clark agreed to pay $900,000 as the purchase price of the Unit. Compl. at ¶15. The original closing date was "9/28/2007, subject to delays occasioned by [sic] strikes, labor or material shortages, casualties, inclement weather conditions, acts of God and other causes beyond the reasonable control of the Seller." Compl. at ¶16. During the attorney review period, an Attorney Modification Rider was attached to the Condominium Purchase Agreement. Compl. at ¶24. Plaintiff asserts that the parties agreed to a "drop dead date" requiring 400 N. Orleans to substantial complete and close on the Unit by October 31, 2007. Compl. at ¶24.

An Attorney Modification Rider was ultimately made part of the agreement. Compl. at ¶25. Plaintiff contends that a mistake is contained in the Attorney Modification Rider listing the closing date as October 31, 2008 instead of October 31, 2007. Compl. at ¶32.

Count III of the Complaint concedes that Mr. Clark has not been forced to close on the property. The Complaint further concedes that Orleans has not yet even attempted to enforce the Agreement and Orleans has not asserted that Mr. Clark is in breach of the Agreement. Compl. at ¶56. Furthermore, Count III concedes that its allegations of malpractice are currently based on pure speculation. Paragraph 62 of the Complaint states:

> Assuming that Clark is unable to obtain judicial reformation of the Agreement to state the correct "October 31, 2007" date; that Orleans did not breach the Agreement; that the Agreement is enforceable; and that Clark is liable to Orleans for breach of the Agreement; then Clark faces ***potential liability for breach of contract that could exceed $900,000.***

Compl. at ¶63 (emphasis added).

IV.     **ARGUMENT**

The elements of a legal malpractice claim are: (1) the existence of an attorney-client relationship that establishes a duty on the part of the attorney; (2) a negligent act or omission constituting a breach of that duty; (3) proximate cause establishing that "but for" the attorney's negligence, the plaintiff would have prevailed in the underlying action; and (4) actual damages. *Lucey v. Law Offices of Pretzel & Stouffer, Chartered*, 301 Ill. App. 3d 349, 353, 703 N.E. 2d 473, 478 (1st Dist. 1998).

In analyzing Illinois legal malpractice law, the *Lucey* court made it clear: a client has no action for legal malpractice until actual, certain damages exist. Specifically, the *Lucey* court noted:

> Damages must be incurred and are not presumed (*Farm Credit Bank v. Gamble*, 197 Ill. App. 3d 101, 103, 143 Ill. Dec. 844, 554 N.E.2d 779 (1990)) and the plaintiff must affirmatively plead and prove that he suffered injuries as a result of the attorney's malpractice. *Bartholomew v. Crockett*, 131 Ill. App. 3d 456, 465, 86 Ill. Dec. 656, 475 N.E.2d 1035 (1985). Where the mere possibility of harm exists or damages are otherwise speculative, actual damages are absent and no cause of action for malpractice yet exists. *See Farm Credit Bank*, 197 Ill. App. 3d at 104, 143 Ill. Dec. 844, 554 N.E.2d 779.

In determining when a legal malpractice cause of action accrues, the *Lucey* court succinctly noted that "When uncertainty exists as to the very fact of damages... damages are speculative and no cause of action for malpractice can be said to exist." *Id.* at 356, 703 N.E. 2d 473.

It is undisputed and the Complaint concedes that Mr. Clark has not yet suffered any damages as a result of the alleged legal malpractice. As succinctly pointed out in Paragraph 63 of the Complaint, until such time as "Clark is unable to obtain judicial reformation of the Agreement to state the correct 'October 31, 2007' date; that Orleans did not breach the Agreement; that the Agreement is enforceable; and that Clark is liable to Orleans for breach of

the Agreement" no damages have yet been sustained by Mr. Clark. Mr. Clark concedes that he has suffered no actual damage, and any damages claimed by him are speculative. As such, Mr. Clark's legal malpractice action is premature and should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6).

## V.  CONCLUSION

WHEREFORE, for the reasons set forth above, Defendants, Deutsch, Levy & Engel, Chartered and Leo G. Aubel respectfully request that this action be dismissed and for any and all other relief that this Court may deem appropriate.

                              Respectfully submitted,

                              _____
                              Attorneys for Deutsch, Levy & Engel, Chartered
                              and Leo G. Aubel

Michael P. Tone
Kimberly E. Blair
Ross, Dixon & Bell, LLP
55 West Monroe, Suite 3000
Chicago, IL 60603
(312) 759-1920

960803 v 1

## CERTIFICATE OF SERVICE

I certify that on this 10th day of December, 2007, service of a true and complete copy of the above and forgoing pleading was made upon the following by depositing in the U.S. Mail, postage prepared:

Jay R. Hoffman
303 W. Madison Street
Suite 1800
Chicago, IL 60606

                        Respectfully submitted,

By: _____
Attorneys for Deutsch, Levy & Engel,
Chartered and Leo G. Aubel

Michael P. Tone
Kimberly E. Blair
Ross, Dixon & Bell, LLP
55 West Monroe Street, Suite 3000
Chicago, IL 60603
(312) 759-1920

960803 v 1