UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRYAN W. CLARK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.:07-cv-06809 |
| | ) |
| 400 N. ORLEANS, LLC; DEUTSCH, LEVY & ENGEL, CHARTERED and LEO AUBEL, | ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' DEUTSCH, LEVY& ENGEL, CHARTERED AND LEO G. AUBEL'S
MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS**

Defendants, Deutsch, Levy & Engel, Chartered and Leo G. Aubel, by and through their attorneys, for their Memorandum of Law in Support of The Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

I.  **INTRODUCTION**

Plaintiff brings Count III of the Amended Complaint against Deutsch, Levy & Engel ("DLE") and Leo G. Aubel ("Aubel") alleging legal malpractice as a result of their representation of Plaintiff Bryan W. Clark ("Clark" or "Plaintiff") in his purchase of a condominium unit from 400 N. Orleans, LLC. Clark's action for legal malpractice is premature as no actual damages have been sustained. In the alternative, to the extent Clark now asserts that he has suffered actual damages as a result of the alleged legal malpractice, those damages do not satisfy the minimum jurisdictional requirement.

The Amended Complaint concedes that the legal malpractice count against DLE and Aubel is based on "Clark['s] *potential liability to Orleans* for breach of the Agreement that could exceed $900,000." Amended Complaint at Par. 68. Further acknowledging that he has not suffered any actual damages as a result of the alleged legal malpractice, Clark requests an unprecedented declaratory judgment of legal malpractice now in the event he sustains any

damages later.  Amended Complaint at Pars. 69-70.  Illinois law is clear that no legal malpractice action can stand where the plaintiff has not yet suffered any damages and where it is unclear that the plaintiff will ever suffer damages.

Alternatively, now that Plaintiff, for the first time, has attempted to specifically enumerate damages actually suffered, those damages do not meet the $75,000 jurisdictional requirement for an action in diversity before this Court.  The damages alleged in the Amended Complaint, if not speculative, total only $55,500.

Therefore, Defendants Deutsch, Levy & Engel and Leo G. Aubel respectfully request that the Amended Complaint be dismissed pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

II.  **STANDARD OF REVIEW**

When reviewing a complaint in the context of a dismissal motion filed under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all well-pled factual allegations and resolves in the plaintiff's favor all reasonable inferences.  *Echevarria v. Chicago Title & Trust Co.*, 256 F.3d 623, 625 (7th Cir.2001), citing *Transit Express, Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir.2001).  Dismissal for failure to state a claim is proper only if the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  *Alper v. Altheimer & Gray,* 257 F.3d 680, 684 (7th Cir.2001), citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), and *Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850, 854 (7th Cir.1999).  *Accord, Galdikas v. Fagan,* 342 F.3d 684, 688 (7th Cir.2003) ("Dismissal is proper if it appears beyond doubt that the plaintiffs cannot prove any set of facts entitling them to relief.")  If it is possible to hypothesize a set of facts consistent with the complaint that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate.  *Alper* at 684, quoting *Veazey*, 194 F.3d at 854.

III.  **FACTUAL BACKGROUND**

For purposes of this motion alone, Defendants Deutsch, Levy & Engel and Leo G. Aubel

must accept as true all well pleaded factual allegations of the Amended Complaint. These Defendants deny any wrongdoing or negligence with respect to the allegations of the Amended Complaint, but for the purpose of this motion alone will accept the facts as plead as true.

Plaintiff asserts he entered into a Condominium Purchase Agreement (the "Agreement") for the purchase of Unit D in a condominium building located at 400 N. Orleans in Chicago, Illinois (the "Building"), wherein Defendant 400 N. Orleans, LLC was the Seller. Compl. at ¶14. Pursuant to the terms of the Agreement, Clark agreed to pay $900,000 as the purchase price of the Unit. Compl. at ¶17. According to the Agreement, the original closing date was "9/28/2007, subject to delays occasioned by strikes, labor or material shortages, casualties, inclement weather conditions, acts of God and other causes beyond the reasonable control of the Seller." Compl. at ¶18. During the attorney review period, an Attorney Modification Rider was attached to the Agreement. Compl. at ¶24. Plaintiff asserts that the parties agreed to a "drop dead date" requiring 400 N. Orleans, LLC ("Orleans") to substantially complete and close on the Unit by October 31, 2007. Compl. at ¶25.

An Attorney Modification Rider was ultimately made part of the agreement. Compl. at ¶27. Plaintiff contends that a mistake is contained in the Attorney Modification Rider listing the "drop dead date" as October 31, 2008 instead of October 31, 2007. Compl. at ¶32.

Pursuant to Paragraph 3(b) of the Agreement, Clark provided Orleans with $1,000 in earnest money. Compl. at ¶46. It appears that Clark also provided Orleans with an additional $44,000 in earnest money, bringing the total earnest money Clark paid to $45,000. Compl. at ¶47 Moreover, Clark allegedly provided Orleans with payments totaling $10,403.56 for upgrades to the Unit. Compl. at ¶48. Thus, to date Clark has apparently made $55,403.56 in actual payments to Orleans, which to date have not yet been refunded. Compl. at ¶46-49.

Count I and II of the Amended Complaint are lodged against Orleans requesting relief in the form of reformation of the Agreement to revise the drop dead closing date to October 31, 2007 (Count I) and/or breach of contract (Count II) as a result of Orleans' alleged failure to have the condominium unit substantially complete and ready for closing by October 31, 2007.

3

Count III of the Amended Complaint is asserted against Deutsch, Levy & Engel and Mr. Aubel seeking a declaration of anticipatory legal malpractice. In short, Count III concedes thatClark has not been forced to close on the property. Compl. at ¶69. The Amended Complaint further concedes that Orleans has not yet even attempted to enforce the Agreement and, moreover, that Orleans has not asserted that Clark is in breach of the Agreement. Compl. at ¶69. Furthermore, Count III concedes that its allegations of malpractice are currently based on pure speculation. Specifically, Count II notes that "Clark faces potential liability to Orleans for breach of the Agreement *that could exceed $900,000*" (Compl. at ¶68) and "[t]o protect Clark against this massive *potential liability to Orleans*, Clark is entitled to the entry of a declaratory judgment stating that Aubel and DLE committed legal malpractice as alleged in this first amended complaint and thus are jointly and severally liable for any liability that Clark might owe Orleans for breach of the Agreement." (Compl. at ¶69).

IV. **ARGUMENT**

In an attempt to plead around the clear deficiencies in Clark's legal malpractice action against DLE and Aubel, Clark now requests a declaratory judgment as to the alleged malpractice to overcome the burden of proving "actual damages" as required by Illinois law. Clark also argues that in addition to the alleged speculative damages he may suffered, he has in fact suffered actual damages of approximately $55,500 which constitutes earnest money and additional sums for upgrades to the condominium unit. These damages are also speculative in that if Clark is successful in his action against Orleans, those sums will be returned to Clark. Moreover, even if this Court finds that those damages are not speculative, they fail to meet the minimum jurisdictional requirement for a diversity action before this Court. For those reasons, and the reasons set forth below, Defendants Deutsch, Levy & Engel and Leo G. Aubel respectfully request that this Court dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

    A. **Clark's Claim of Legal Malpractice Is Based Entirely on Speculative Damages and Therefore Must Be Dismissed.**

4

The elements of a legal malpractice claim are: (1) the existence of an attorney-client relationship that establishes a duty on the part of the attorney; (2) a negligent act or omission constituting a breach of that duty; (3) proximate cause establishing that "but for" the attorney's negligence, the plaintiff would have prevailed in the underlying action; and (4) actual damages. *Lucey v. Law Offices of Pretzel & Stouffer, Chartered*, 301 Ill. App. 3d 349, 353, 703 N.E.2d 473, 478 (1st Dist. 1998).

In analyzing Illinois legal malpractice law, the *Lucey* court made it clear: a client has no action for legal malpractice until actual certain damages exist. Specifically, the *Lucey* court noted:

> Damages must be incurred and are not presumed (*Farm Credit Bank v. Gamble,* 197 Ill App. 3d 101, 103, 143 Ill. Dec. 844, 554 N.E.2d 779 (1990)) and the plaintiff must affirmatively plead and prove that he suffered injuries as a result of the attorney's malpractice. *Bartholomew v. Crockett*, 131 Ill. App. 3d 456, 465, 96 Ill. Dec. 656, 474 N.E.2d 1035 (1985). Where the mere possibility of harm exists or damages are otherwise speculative, actual damages are absent and no cause of action for malpractice yet exists. *See Farm Credit Bank*, 197 Ill. App. 3d at 104, 143 Ill. Dec. 844, 554 N.E.2d 779.

*Lucey*, 301 Ill. App. 3d at 354, 703 N.E.2d 473. In determining when a legal malpractice cause of action accrues, the *Lucey* court succinctly noted that "When uncertainty exists as to the very fact of damages…damages are speculative and no cause of action for malpractice can be said to exist." *Id.* At 356, 703 N.E.2d 473.

It is undisputed, and the Complaint concedes, that Clark has not yet suffered any damages as a result of the alleged legal malpractice and any damages claimed are purely speculative. Count III of the Amended Complaint concedes that he "faces ***potential liability to Orleans for breach of the Agreement that could exceed $900,000***." Compl. at ¶68. In fact, Orleans has not yet sued Clark for breach of the sales agreement nor is Orleans at this time forcing Clark to close on the property at issue. The potential that Clark will have to buy the property is based solely on Clark's fear that at some unspecified date in the future Orleans will attempt to force Clark to close on the property; thus, Clark is inappropriately asking this Court to issue a declaratory

5

judgment as to the legal malpractice. This fear, without anything more, is insufficient to sustain an action for legal malpractice.

To the extent the Clark is now claiming that he has sustained "actual damages" in the form of earnest money, payments for upgrades and attorneys fees and costs, these damages are likewise speculative. First, Clark is seeking to recover fees and costs in potentially defending against "Orleans' expected counterclaim against Clark for breach of the Agreement." These yet to be incurred fees and costs are speculative. Second, Clark is seeking to recover these exact same sums against Orleans in Count I and II of the Amended Complaint. In other words, if Clark is successful in his action against Orleans, Clark will not be able to also recover these sums from DLE and Aubel.

Because Clark has not yet suffered any "actual damages" as required to sustain a legal malpractice action under Illinois law, any damages claimed by him are speculative. As such, Clark's legal malpractice action is premature and should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6).

B. **In the Alternative, If This Court Finds that Clark Has Sustained Actual Damages as Plead in the Complaint, Those Damages Do Not Meet the Minimum Jurisdictional Amount.**

As this Court is aware, 28 U.S.C. §1332 states in pertinent part that diversity jurisdiction exists only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs…" Here, the Complaint fails to state *any actual* damages incurred by Clark. Nonetheless, if this Court were to accept the only specifically enumerated alleged damages set forth in ¶¶ 46-49 of the Amended Complaint as actual, specified damages, Clark still fails to meet the $75,000 minimum jurisdictional amount in controversy.

Clark, in an attempt to plead around the deficiencies of his first complaint, now asserts that he has expended approximately $55,500 in earnest monies and upgrade fees with respect to the purchase of the condominium unit at issue. This does not meet the $75,000 minimum jurisdictional requirement. Thus, if this Court were to find that the approximately $55,500

6

alleged in the Amended Complaint are not speculative damages, then the Court must find that Clark has not met the jurisdictional minimum amount-in-controversy as required by 28 U.S.C. §1332.

V.      **CONCLUSION**

WHEREFORE, for the reasons set forth above, Defendants Deutsch, Levy & Engel, Chartered and Leo G. Aubel respectfully request that this action be dismissed and for any and all other relief that this Court may deem appropriate.

Respectfully submitted,

/s/
*Attorneys for Deutsch, Levy & Engel, Chartered and Leo G. Aubel*

Michael P. Tone
Kimberly E. Blair
Gordon & Rees, LLP
1 North Franklin
Suite 1800
Chicago, IL 60602
(312) 565-1400 phone