

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| BRYAN W. CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | 07 C 6809 |
| ) | |
| 400 N. ORLEANS, LLC., DEUTSCH LEVY & ENGEL, ) | |
| CHARTERED; and LEO G. AUBEL; ) | |
| ) | |
| Defendants. ) | |

FEB 1 4 2008
F I L E D

FEB 1 4 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### NOTICE OF FILING

TO: Jay R. Hoffman, 303 W. Madison, Suite 1800, Chicago, IL 60606
Michael P. Tone, Gordon & Reese, 1 N. Franklin, Suite 1800, Chicago, IL 60602

On February 14, 2008, I filed with the United States Federal Court of Illinois, **Answer to First Amended Complaint and Counterclaim,** a copy of which is attached hereto.

_____
Stephen Richek

Stephen Richek, 2330571
Attorney for Defendant
20 North Clark, Suite 2450
Chicago, Illinois 60602
(312) 372-9444

### PROOF OF SERVICE

I, Stephen Richek, certify that on February 14, 2008, I served this notice by faxing a copy personally to each person to whom it is directed before 5:00 p.m.

_____
Stephen Richek



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN W. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 07 C 6809 |
| | ) | |
| 400 N. ORLEANS, LLC., DEUTSCH | ) | |
| LEVY & ENGEL, CHARTERED; | ) | |
| and LEO G. AUBEL; | ) | |
| | ) | |
| Defendants. | ) | |

FILED
FEB 14 2008
FEB 1 4 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

NOW COMES the Defendant, 400 N. Orleans, LLC. by its Attorney, Stephen D. Richek and as and for its Answer to the First Amended Complaint states as follows:

1. Lacking sufficient information, the Defendant neither admits or denies the allegations of paragraph 1.

2. Defendant admits the allegations of paragraph 2.

3. Defendant admits the allegations of paragraph 3.

4. Defendant admits the allegations of paragraph 4.

5. Lacking sufficient information, the Defendant neither admits or denies the allegations of paragraph 5.

6. Lacking sufficient information, the Defendant neither admits or denies the allegations of paragraph 6.

7. Defendant admits the allegations of paragraph 7.

8. Defendant admits the allegations of paragraph 8.

9. Lacking sufficient information, the Defendant neither admits or denies the allegations of paragraph 9.

10. Lacking sufficient information, the Defendant neither admits or denies the allegations of paragraph 10.

11. Defendant admits the allegations of paragraph 11.

12. Defendant admits it retained Atland Properties with whom Lisa Baehm is affiliated.

13. Defendant denies the allegation of paragraph 13.

14. Defendant admits the allegations of paragraph 14.

15. Defendant admits the allegations of paragraph 15.

16. Defendant admits the allegations of paragraph 16.

17. Defendant admits the allegations of paragraph 17.

18. Defendant admits the allegations of paragraph 18.

19. Defendant admits the allegations of paragraph 19.

20. Lacking sufficient information, the Defendant neither admits or denies the allegations of paragraph 20.

21. Lacking sufficient information, the Defendant neither admits or denies the allegations of paragraph 21.

22. Lacking sufficient information, the Defendant neither admits or denies the allegations of paragraph 22.

23. Defendant admits the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

25. Lacking sufficient information, the Defendant neither admits or denies the allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26.

27. Defendant admits the allegations of paragraph 27.

28. Lacking sufficient information, the Defendant neither admits or denies the allegations of paragraph 28.

29. Defendant admits the allegations of paragraph 29.

30. Defendant admits the allegations of paragraph 30.

31. Defendant admits the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32.

33. Defendant denies the allegations of paragraph 33.

34. Defendant admits the allegations of paragraph 34.

35. Defendant admits the allegations of paragraph 35.

36. Defendant admits the allegations of paragraph 36.

37. Defendant admits the allegations of paragraph 37.

38. Lacking sufficient information, the Defendant neither admits or denies the allegations of paragraph 38.

39. Lacking sufficient information, the Defendant neither admits or denies the allegations of paragraph 39.

40. Lacking sufficient information, the Defendant neither admits or denies the allegations of paragraph 40.

41. Defendant admits the allegations of paragraph 41.

42. Defendant admits the allegations of paragraph 42.

43. Defendant admits the allegations of paragraph 43.

44. Lacking sufficient information, the Defendant neither admits or denies the allegations of paragraph 44.

45. Lacking sufficient information, the Defendant neither admits or denies the allegations of paragraph 45.

46. Defendant admits the allegations of paragraph 46.

47. Defendant admits the allegations of paragraph 47.

48. Defendant admits the allegations of paragraph 48.

49. Defendant admits the allegations of paragraph 49.

50. Defendant realleges its answer to paragraph 1-49 as its answer to paragraph 50.

51. Defendant denies the allegations of paragraph 51.

52. Defendant denies the allegations of paragraph 52.

53. Lacking sufficient information, the Defendant neither admits or denies the allegations of paragraph 53.

54. Defendant denies the allegations of paragraph 54.

WHEREFORE, Defendant prays that Count I be dismissed.

## COUNT II

55. Defendant realleges its answer to paragraph 1-54 as its answer to paragraph 55.

56. Defendant denies the allegations of paragraph 56.

57. Defendant denies the allegations of paragraph 57.

58. Defendant denies the allegations of paragraph 58.

59. Defendant denies the allegations of paragraph 59.

WHEREFORE, Defendant prays that Count II be dismissed.

## COUNT III

NOT APPLICABLE TO THIS DEFENDANT

## COUNTERCLAIM

NOW COMES the Counter-Plaintiff, 400 N. Orleans, LLC. by its Attorney, Stephen D. Richek and as and for its Counterclaim against Counter-Defendant Bryan Clark states as follows:

1. On or about July 3, 2007, the Counter-Plaintiff and Counter-Defendant entered into a real estate contract whereby Counter-Defendant would purchase from Counter-Plaintiff, Unit D, 400 N. Orleans, Chicago, IL.

2. A copy of the contract is attached to the Complaint as Exhibit A, along with the agreed Attorney Modification Rider attached to the Complaint as Exhibit B.

3. Pursuant to the terms of the contract, Counter-Defendant deposited earnest money in the amount of $ 45,000.00.

4. Counter-Plaintiff has until October 31, 2008 to complete the Unit for closing.

5. By filing this lawsuit, Counter-Defendant has indicated that he will not close and is breaching the contract.

6. The contract provides in paragraph 11 that in the event of a default by Counter-Defendant then a Counter-Plaintiff may elect to retain all payments made by Counter-Defendant as liquidated damages and not as a penalty.

WHEREFORE, Counter-Plaintiff prays that the Court enter an Order releasing the $45,000.00 earnest money to Counter-Plaintiff due to the breach by Counter-Defendant.

    Respectfully Submitted,
    400 N. Orleans, LLC.

    By: _____
    Stephen D. Richek, Its Attorney

Stephen D. Richek, #2330571
Attorney for Defendant
20 N. Clark Street, Suite 2450
Chicago, IL 60602
312-372-9444

5